■ THOMAS J. TRAUGOTT, Appellant, v ESTHER B. KONIG, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated June 22, 1990, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The issue of whether the plaintiff has made a prima facie showing of having sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) is one for the court in

the first instance (see, Licari v Elliott, 57 NY2d 230, 237; Keller v Terr, 176 AD2d 921; Mandell v Leskiewicz, 170 AD2d 653). We agree with the Supreme Court that the plaintiff has failed to make the requisite prima facie showing that he was unable to perform his usual and customary activities for not less than 90 of the 180 days immediately following the injury.

Although the plaintiff claimed an inability to engage in his customary daily activities for approximately 14 weeks after the accident, he did not submit a physician's affidavit substantiating the existence of a "medically determined" injury producing the alleged impairment of his activities (see, Insurance Law § 5102 [d]).

Further, the plaintiff's reliance upon certain portions of his deposition is unavailing. These deposition excerpts consist entirely of vague, self-serving, and conclusory statements concerning the plaintiff's subjective complaints of pain and his alleged inability to work. Such assertions are insufficient to establish, prima facie, that the plaintiff sustained a "serious injury" within the meaning of the No-Fault Law (see, Zelenak v Clark, 170 AD2d 677, 678; see also, Gaddy v Eyler, 79 NY2d 955; Scheer v Koubek, 70 NY2d 678). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.