■ SYLVIA MILLER, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendants Metropolitan Suburban Bus Authority and Edward Ogintz separately appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated May 1, 1990, which denied their separate motions for summary judgment dismissing the complaint as against each of them.

Ordered that the order is affirmed, without costs or disbursements, without prejudice to renewal by the appellants of their respective motions upon their discovery of the plaintiff's Magnetic Imaging Resonance films and the report of Dr. Ann Marie LeVan.

The plaintiff was a passenger on a bus owned and operated by the defendant Metropolitan Suburban Bus Authority (hereinafter MSBA) which was struck by an automobile owned and operated by the defendant Ogintz. As a result of this collision, the plaintiff allegedly sustained a serious physical injury within the meaning of Insurance Law § 5102 (d).

In support of their respective motions for summary judgment, the appellants relied, *inter alia,* upon the unsworn reports of two defense physicians, both of whom had examined the plaintiff and reviewed her medical records, and both of whom concluded that she had not sustained a "serious physical injury". Additionally, one of these defense physicians submitted an affirmation, conclusorily reiterating the finding of his unsworn report that the plaintiff suffered no disability as a result of the accident. In opposition to the motions, the plaintiff submitted, *inter alia,* a sworn affidavit of her treating neurologist who, referring to the results of a Magnetic Resonance Imaging (hereinafter MRI) procedure performed by another physician, concluded that the plaintiff had sustained a "diffuse disc bulge C6-C7" as a result of the accident, which caused her to suffer from a "permanent, consequential limitation of the use of the cervical spine". Although the plaintiff's counsel's opposing affirmation recites the fact that the MRI report prepared by Dr. Ann Marie LeVan was purportedly annexed to the plaintiff's opposition papers, Dr. LeVan's report was apparently inadvertently omitted from the plaintiff's opposition papers and thus the very report upon which the plaintiff's treating neurologist, Dr. Carlisle St. Martin, had based his sworn affidavit, was not before the court.

It is axiomatic that the proponent of a motion for summary judgment must submit evidence in admissible form to establish the movant's entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557). Where, as here, the defendants predicate their motion upon the findings of their own expert witnesses, those opinions must be tendered in admissible form *(see, Pagano v Kingsbury,* 182 AD2d 268 [decided herewith]). Inasmuch as the appellants did not tender proof in admissible form in support of their motions and did not offer reasonable excuses for their failure to do so *(see, Grasso v Angerami,* 79 NY2d 813), they failed to establish their entitlement to judgment as a matter of law.

We further note, however, that the plaintiff neglected to submit a copy of Dr. LeVan's MRI report in opposition to the motions and therefore the appellants were deprived of any meaningful opportunity to contest the findings of either Dr.

St. Martin or Dr. LeVan. Accordingly, although we agree that the appellants' motions were properly denied on this record, our determination is without prejudice to renewal of their respective motions by them, if they be so advised, following their discovery of Dr. LeVan's report and the MRI films upon which it was based. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.