■ NANCY B. WINKLER et al., Appellants, v JULIA LOMBARDI, Respondent. [613 NYS2d 430] —In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated September 12, 1992, as granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action to recover damages for personal injuries.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the defendant failed to submit medical evidence in admissible form in support of her motion, she did submit the plaintiffs' bill of particulars, the plaintiff Nancy Winkler's deposition testimony, and the emergency room report concerning Nancy Winkler made the day of the automobile accident which allegedly caused her injuries. Such documents can be sufficient to support a summary judgment motion, even without admissible medical testimony (see, Craft v Brantuk, 195 AD2d 438). Here, Nancy Winkler's deposition plainly demon-

strated that she did not suffer "serious injury" as defined in Insurance Law § 5102 (d). She testified that when taken to a hospital emergency room after the accident, she was neither X-rayed nor prescribed any medication, even aspirin, and she was released after an hour. She missed only six or seven consecutive days of work after the accident, and "less than five" days intermittently thereafter. She first saw her treating physician three weeks after the accident, saw him approximately seven times over the next five to six months, and then ceased seeing him. Moreover, the unsworn report of her physician was not medical evidence in admissible form and was therefore inadequate to defeat the motion for summary judgment (see, Craft v Brantuk, 195 AD2d 438, supra; Traugott v Konig, 184 AD2d 765; Pagano v Kingsbury, 182 AD2d 268). Moreover, the plaintiffs' reliance on Nancy Winkler's affidavit is unavailing since her assertions of inability to perform substantially all of her activities at work and at home are merely conclusory and, in any event, conflict with her deposition testimony. Such assertions are insufficient to establish a prima facie case of "serious injury" within the meaning of the No-Fault Law (see, Craft v Brantuk, 195 AD2d 438, supra; Traugott v Konig, 184 AD2d 765, supra; Zelenak v Clark, 170 AD2d 677; see also, Gaddy v Eyler, 79 NY2d 955; Scheer v Koubek, 70 NY2d 678). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.