■ Madeleine Ferrara, Respondent, v Roberta Maio, Appellant. [634 NYS2d 170] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 10, 1994, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is denied, with leave to renew upon the completion of pretrial discovery.

The present action arises out of a two-car accident which occurred at an intersection in the Bronx. The plaintiff's decedent was injured to some unspecified extent, and died after the commencement of the present action. There is no indication that the decedent's death was in any way related to the injuries suffered in the accident.

The plaintiff's motion for partial summary judgment was based on proof that the defendant's vehicle entered the intersection without having stopped at a stop sign. The plaintiff's attorney conceded, in making the motion for partial summary judgment, that the defendant had "no way of knowing the degree of the plaintiff's [decedent's] injuries". The plaintiff's decedent, in an affidavit in support, claimed to have committed "no act or omission which * * * could be deemed a contributing factor to the accident". He also claimed that since the time of the accident he had been "unable to perform his usual and daily activities".

We agree with the defendant that it was an error to grant summary judgment to the plaintiff prior to completion of discovery. The defendant has not had a fair opportunity to discover whether the plaintiff's decedent was seriously injured as a result of the accident *(see,* Insurance Law § 5102 [d]). The plaintiff's submissions fail to establish that the decedent had suffered such serious injury *(see, Jean-Mehu v Berbec,* 215 AD2d 440; *Winkler v Lombardi,* 205 AD2d 757; *Traugott v Konig,* 184 AD2d 765). Also, the defendant has not had an opportunity to discover the extent of the plaintiff's decedent's culpable conduct, if any *(cf., Salenius v Lisbon,* 217 AD2d 692; *Hill v Luna,* 195 AD2d 1000). Bracken, J. P., Sullivan, Miller and Copertino, JJ., concur.