■ Louis E. Pierre, Respondent, v Rhoda L. Nanton et al., Appellants. [719 NYS2d 706] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated June 21, 2000, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]). Thus, it was incumbent upon the plaintiff to raise a triable issue of fact. The plaintiff failed to do so. Therefore, the defendants' motion for summary judgment dismissing the complaint should have been granted.

Although the report of the magnetic resonance imaging (hereinafter MRI) of the plaintiff's lumbosacral spine indicated a disc herniation, the existence of a herniated disc does not, in and of itself, constitute a serious injury (*see, Guzman v Michael Mgt.,* 266 AD2d 508). To raise a triable issue of fact as to whether a herniated disc constitutes a serious injury, a plaintiff is required "to provide objective evidence of the extent or degree of the alleged physical limitations resulting from the [injury] and their duration" (*Noble v Ackerman,* 252 AD2d 392, 394; *see also, Guzman v Michael Mgt., supra*). Neither of the plaintiff's treating doctors stated that the alleged restrictions in his range of motion were related to the herniated disc. Similarly, there was no claim that the straightening of the plaintiff's cervical spine, indicated in a second MRI report, was related to the alleged range of motion restrictions.

The reports of the plaintiff's treating doctors, on the initial examination two days after the accident and on the most recent examination, failed to identify the objective tests that were performed to measure the alleged range of motion restrictions in his cervical and lumbar spine and right knee. Those reports

were therefore insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury (*see, Grossman v Wright,* 268 AD2d 79, 84-85). The plaintiff also failed to explain the four-year gap between the initial course of treatment following the accident and the most recent examination (*see, Medina v Zalmen Reis & Assocs.,* 239 AD2d 394, 395; *Marshall v Albano,* 182 AD2d 614).

The plaintiff also failed to raise a triable issue of fact as to whether he sustained an injury that prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*see,* Insurance Law § 5102 [d]). Although the plaintiff claimed that he did not work for almost four months after the accident, he was not Ordered by a doctor to stay home. Accordingly, the plaintiff failed to establish that he sustained a medically-determined injury (*see, Traugott v Konig,* 184 AD2d 765). The plaintiff's subjective complaints of pain, standing alone, are insufficient (*see, Kauderer v Penta,* 261 AD2d 365). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.