■ JASCO TOOLS, INC., Appellant, v GARY W. ROGERS et al., Respondents, et al., Defendant. [757 NYS2d 651] —Appeal from an order of Supreme Court, Monroe County (Stander, J.), entered August 5, 2002, which, inter alia, granted renewal and, upon renewal, adhered to its original decision.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motions of defendants Gary W. Rogers and Charles D. Zicari with leave to renew after the completion of discovery and reinstating the complaint with the exception of the sixth cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against three of its former employees alleging that they had engaged in a joint effort to divert a major contract vendee from plaintiff, resulting in plaintiff's loss of business with that contract vendee after plaintiff's initial five-year contract had expired.

All three defendants moved for summary judgment dismissing the complaint against them, but defendant Sean W. Convertino thereafter withdrew his motion and plaintiff discontinued the action against him. As part of his motion, defendant Gary W. Rogers also sought summary judgment on his counterclaim against plaintiff for payments due under his termination agreement. Supreme Court granted the motions of Rogers and Charles D. Zicari (defendants), and plaintiff then moved to renew and reargue. The court granted renewal and, upon renewal, adhered to its original decision.

We conclude that the court properly granted those parts of the motions seeking summary judgment dismissing the sixth cause of action, for tortious interference with contract. Defendants met their initial burden with respect to that cause of action, and plaintiff failed to raise an issue of fact, both in its initial opposition to defendants' motions and on renewal, whether defendants interfered with the prior contract during its pendency (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]).

We further conclude, however, that upon renewal the court should have denied defendants' motions in part and reinstated the complaint except with respect to the sixth cause of action. In support of the motions for summary judgment, including his own motion, Convertino initially denied that he and defendants had conspired to use information developed while they were employees of plaintiff to divert a contract to the company that currently employed Convertino and Zicari. However, after the action was discontinued against him and plaintiff had agreed to indemnify him if defendants commenced an action against him, Convertino admitted in an affidavit submitted by plaintiff on renewal that he and Zicari had used information "that could not be obtained except through years of experience" and that had been developed by plaintiff through the efforts of its employees over the course of "many years" and after "a great deal of money" had been expended. Such information included downloaded computer programs with manufacturing cycles, times, and costs, which enabled the subsequent employer of Convertino and Zicari to "undercut plaintiff's prices" and prevent a substantial contract from being renewed with plaintiff. According to Convertino, Rogers aided the efforts of Convertino and Zicari by providing them with documents while he was still employed by plaintiff.

The Convertino affidavit submitted by plaintiff on renewal, however suspect, nonetheless raises issues of fact whether defendants breached their fiduciary duty to plaintiff; whether

they misappropriated plaintiff's confidential business information; whether Rogers breached the non-compete provision in his termination agreement by "helping" Zicari while still employed by plaintiff or acting as its consultant and, if so, whether that breach triggered a forfeiture of plaintiff's duty to pay monthly "separation" benefits to Rogers; whether Zicari breached the duty to safeguard plaintiff's confidential information as required under the terms of the employee handbook; and whether defendants tortiously interfered with plaintiff's business relationship with the contract vendee at issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Because only minimal discovery had been conducted prior to the motions, summary judgment with respect to all but the sixth cause of action should have been denied with leave to renew after the completion of discovery.

We therefore modify the order by denying in part the motions of defendants with leave to renew after the completion of discovery and reinstating the complaint with the exception of the sixth cause of action. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.