■ GEORGINA CORDERO et al., Appellants, v INGRIS SALAZAR et al., Respondents. [780 NYS2d 771]—

In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 25, 2003, which granted the motion of the defendants Ingris Salazar and Maria I. Gutierrez and the separate motion of the defendant Yaira Y. Carranza for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court entered October 8, 2003, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motions are denied, the complaint is reinstated, and the order dated July 25, 2003, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

When the defendants fail to meet their initial burden of

establishing prima facie that neither of the two plaintiffs sustained a serious injury, "it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]). In this particular case, one of the defendants' examining physicians identified limitations in the ranges of motion of the plaintiffs' cervical and lumbar spines, and in the shoulder of one of the plaintiffs sufficient to preclude a finding that the defendants had met their initial burden of showing an entitlement to summary judgment.

Accordingly, the Supreme Court should not have granted the defendants' motions for summary judgment. Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.