■ AUDREY MCCAULEY, Appellant, v GINA VANDINA et al., Defendants, and ESTA S. GOLDMAN et al., Respondents. [801 NYS2d 62]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated January 14, 2004, as, upon renewal, granted the motion of the defendant Esta A. Goldman, and the separate motion of the defendants Melvin Brill and Leonard Brill, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her cross motion for summary judgment on the issue of liability against these defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff payable by the respondents appearing separately and filing separate briefs, the motion of the defendant Esta A. Goldman, and the separate motion of the defendants Melvin Brill and Leonard Brill, are denied, the complaint is reinstated insofar as asserted against them, and the plaintiff's cross motion for summary judgment on the issue of liability against those defendants is granted.

The Supreme Court erred in granting the motion of the respondent Esta A. Goldman, and the separate motion of the respondents Melvin Brill and Leonard Brill (hereinafter the Brills), which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The respondents' orthopedic expert, Dr. Michael Miller, examined the appellant's cervical and lumbar spines and stated in his affirmed report that "[r]otation and lateral bending are mildly limited." Dr. Miller nowhere defined or quantified the extent of the appellant's limitations, nor did he set forth the objective tests he used to arrive at this opinion. In light of this finding, the respondents did not meet their initial burden of showing an entitlement to summary judgment on the ground that the appellant did not sustain a serious injury (see *McDowall v Abreu*, 11 AD3d 590, 591 [2004]; *Cordero*

*v Salazar*, 10 AD3d 380, 381 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). It is, therefore, unnecessary to consider whether the appellant's papers in opposition to the respondents' motions were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

In addition, the appellant was entitled to summary judgment on her cross motion against Goldman and the Brills on the issue of liability. In opposition to her prima facie showing of her entitlement to summary judgment, Goldman and the Brills failed to come forward with a non-negligent explanation for the rear-end collision with the stopped vehicle in which the appellant was a passenger (*see Tricoli v Malik*, 268 AD2d 469, 470 [2000]; *Leal v Wolff*, 224 AD2d 392, 393-394 [1996]). Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.