■ JASCO TOOLS, INC., Appellant, v GARY W. ROGERS, Respondent, et al., Defendants. (Appeal No. 4.) [844 NYS2d 810]—Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered November 1, 2006. The judgment, following an inquest on damages, awarded $552,375.69 in favor of defendant Gary W. Rogers and against plaintiff on that defendant's counterclaim.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion for summary judgment is denied in its entirety and the complaint is reinstated.

Memorandum: This case was before us on a prior appeal (*Jasco Tools v Rogers*, 303 AD2d 944 [2003]), wherein we noted that plaintiff commenced an action against three of its former employees alleging that they had engaged in a joint effort to divert a major contract vendee from plaintiff, resulting in plaintiff's loss of business with that contract vendee after plaintiff's initial five-year contract had expired. That action has since been consolidated with another action commenced by plaintiff against two corporations. On this appeal, we are concerned only with the liability of defendant Gary W. Rogers, plaintiff's former president, who counterclaimed for payments due under an "Employment Termination, Consulting and Stock Purchase Agreement" between plaintiff and Rogers. On the prior appeal, we determined that, "[b]ecause only minimal discovery had been conducted prior to the motions [for summary judgment dismissing the complaint], summary judgment with respect to all but the sixth cause of action should have been denied with leave to renew after the completion of discovery," and we therefore modified the order in that appeal accordingly (*id.* at 946).

We conclude on this appeal that, because plaintiff established

that discovery has yet to be completed, Supreme Court erred in granting the subsequent motion of Rogers in part, granting Rogers summary judgment dismissing the complaint against him and granting him partial summary judgment on liability on his counterclaim (*see Ferrara v Maio*, 221 AD2d 588 [1995]; *see also Julio C.W. Stajano v United Tech. Corp. of N.Y.*, 273 AD2d 162, 163 [2000]; *see generally* CPLR 3212 [f]). Indeed, plaintiff established that it requires further document discovery and must depose or complete the depositions of additional witnesses. Present—Scudder, P.J., Gorski, Centra and Peradotto, JJ.