■ JASVIR SINGH, Appellant, v ABDU MOHAMED et al., Respondents. [864 NYS2d 498]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings

County (Ruchelsman, J.), dated July 10, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by his brief, from so much of an order of the same court entered November 1, 2007 as denied that branch of his motion which was for leave to renew.

Ordered that the order dated July 10, 2007 is affirmed; and it is further,

Ordered that the order entered November 1, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Contrary to the plaintiff's contentions on appeal, the defendants, on their motion for summary judgment, met their prima facie burden by showing that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The only affirmed medical report submitted by Dr. Ali Guy, the plaintiff's treating physician, was dated March 10, 2007, which included his findings from an examination conducted on February 20, 2007. Dr. Guy's other reports, dated May 3, 2005 and May 27, 2005, were unaffirmed and therefore without any probative value in opposing the defendants' motion (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). The plaintiff's hospital records were uncertified and thus also without any probative value (*see Mejia v DeRose*, 35 AD3d 407 [2006]).

Dr. Guy's March 10, 2007 report was insufficient, standing alone, to raise a triable issue of fact. While Dr. Guy provided recent range-of-motion findings (based upon his Feb. 20, 2007 examination), which showed that the plaintiff had significant range-of-motion limitations in the lumbar and cervical regions of his spine, neither Dr. Guy nor the plaintiff proffered competent objective medical evidence that showed range-of-motion limitations in those regions of the spine that were roughly contemporaneous with the subject accident (*see Perdomo v Scott*, 50 AD3d 1115 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701, 702 [2007]). Thus, in the absence of contemporaneous findings of

range-of-motion limitations in his spine, the plaintiff was unable to establish the duration of his alleged spinal injuries (*see Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

The plaintiff also failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Silla v Mohammad*, 52 AD3d 681, 683 [2008]; *Casas v Montero*, 48 AD3d 728, 730 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. Neither the plaintiff nor Dr. Guy provided a reasonable justification as to why the doctor's reports containing contemporaneous range-of-motion findings in the plaintiff's lumbar and cervical regions of the spine, were not in proper form when submitted in opposition to the initial motion (*see Doumanis v Conzo*, 265 AD2d 296, 297 [1999]; *cf. Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.