YOON TAEK IM, Appellant, v YOON C. PARK et al., Respondents. [895 NYS2d 129]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v*

*Eyler*, 79 NY2d 955, 956-957 [1992]). However, in opposition, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the cervical and lumbar regions of his spine, and his left knee, under the significant limitation or permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Mela v Gentile*, 306 AD2d 388 [2003]).

The defendants submitted evidence tending to show that the plaintiff sustained injuries to the cervical and lumbar regions of his spine as a result of a prior automobile accident. The Supreme Court determined that the conclusion of the plaintiff's treating chiropractor that the plaintiff sustained certain injuries to those regions of his spine as a result of the subject accident was speculative because the chiropractor did not address the plaintiff's alleged injuries from a prior accident (*see Sforza v Big Guy Leasing Corp.*, 51 AD3d 659, 661 [2008]; *cf. Joseph v A & H Livery*, 58 AD3d 688, 688-689 [2009]; *Bennett v Genas*, 27 AD3d 601, 601-602 [2006]). However, there is an issue of fact as to whether the plaintiff, who testified at his deposition that he "was a healthy man before the [subject] accident," and recounted in an affidavit that he "had no prior injuries to [his] neck [and] back," injured those regions of his spine as a result of the prior accident. Furthermore, the plaintiff alleged that he suffered a tear in the posterior horn of the medial meniscus of his left knee as a result of the subject accident, and there is no evidence tending to show that he sustained an injury to his left knee as a result of the prior accident. Accordingly, under these circumstances, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.