■ Jose Vasquez, Respondent, v John Doe #1, Defendant, and Pierre M. Colvert, Appellant. [905 NYS2d 188]—

In an action to recover damages for personal injuries, the defendant Pierre M. Colvert appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated December 14, 2009, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Pierre M. Colvert for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendant Pierre M. Colvert met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The reports of the plaintiff's treating physician, Dr. Benjamin Cortijo, which were not summarized in the doctor's affirmation or referenced therein, as well as the plaintiff's hospital records, magnetic resonance imaging (hereinafter MRI) reports, and the records and reports concerning the plaintiff's physical therapy and chiropractic treatment were all unaffirmed or uncertified, and thus, failed to raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Lozusko v Miller*, 72 AD3d 908 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]).

The affirmation of Dr. Cortijo also was without probative value in opposing the motion since, in arriving at his conclusions, Dr. Cortijo clearly relied on the unsworn MRI reports authored by another physician (*see Vickers v Francis*, 63 AD3d 1150 [2009]; *Magid v Lincoln Servs. Corp.*, 60 AD3d 1008 [2009]; *Sorto v Morales*, 55 AD3d 718 [2008]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]). Moreover, although Dr. Cortijo reported finding restrictions in the ranges of motion of the plaintiff's left knee, cervical spine, and lumbar spine during a May 2009 examination, he failed to reconcile those findings with his findings of little to no restrictions in those regions when he examined the plaintiff in September 2007 and November 2007 (*see Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Felix v Wildred*, 54 AD3d 891 [2008]; *Magarin v Kropf*, 24 AD3d 733 [2005]).

The plaintiff also failed to adequately explain the cessation of his medical treatment three to four months postaccident (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Haber v Ullah*, 69 AD3d 796 [2010]).

Finally, the plaintiff failed to submit competent medical evidence that the injuries allegedly sustained by him as a result of the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days thereafter (*see Menaker v White Express Cab Corp.*, 68 AD3d 1069 [2009]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.