■ JOEL SREBNICK, Appellant, v KATHLEEN QUINN, Respondent. [904 NYS2d 675]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 27, 2009, which, upon an order of the same court dated April 22, 2009, granting the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denying, as academic, his cross motion for summary judgment on the issue of liability, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant met her prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use and/or the significant limitation of use categories. The plaintiff failed to proffer any competent medical evidence that revealed the existence of any significant limitations in his spine or knees that were contemporaneous with the subject accident (see Catalano v Kopmann, 73 AD3d 963 [2010]; Bleszcz v Hiscock, 69 AD3d 890 [2010]; Taylor v Flaherty, 65 AD3d 1328 [2009]; Fung v Uddin,

60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

Since the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, it properly denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability. Dillon, J.P., Santucci, Belen and Sgroi, JJ., concur.