■ Antonia Posa, Respondent, v Enrique G. Guerrero et al., Appellants. [911 NYS2d 82]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated April 8, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The Supreme Court correctly determined that the defendants, in support of their motion, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury under the permanent loss, permanent consequential limitation of use, and/or significant limitation of use categories of Insurance Law § 5102 (d) because she failed to submit competent medical evidence that revealed the existence of a significant limitation in her cervical spine, lumbar spine, right shoulder, right elbow, or right wrist that was contemporaneous with the subject accident (*see Srebnick v Quinn*, 75 AD3d 637 [2010]; *Catalano v Kopmann*, 73 AD3d 963 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). In addition, the report of Dr. David Lifschutz dated October 11, 2007, and the reports of Dr. Andrew Miller, except those dated August 3, 2007, and October 28, 2009, respectively, were insufficient to raise a triable issue of fact because they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Resek v Morreale*, 74 AD3d 1043 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]).

The plaintiff failed to set forth competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Nieves v Michael*, 73 AD3d 716 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.