■ TAMMY WEST, Appellant, v LUIS MARTINEZ et al., Respondents. [910 NYS2d 661]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Flaherty, J.), entered February 16, 2010, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that the infant Paulette Darling did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the defendants met their prima facie burden on their motion for summary judgment by showing that the infant Paulette Darling (hereinafter the infant) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the

plaintiffs failed to raise a triable issue of fact as to whether the infant sustained a serious injury within the meaning of the no-fault statute as a result of the subject accident. The plaintiff failed to adequately explain the cessation of the infant's medical treatment five months after the accident (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Vasquez v John Doe #1,* 73 AD3d 1033 [2010]; *Haber v Ullah,* 69 AD3d 796 [2010]).

Furthermore, the plaintiff failed to submit competent medical evidence that the injuries allegedly sustained by the infant as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days following the accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.