(December 14, 2010)

■ MARIE Y. BERNIER, Appellant, v OSCAR M. TORRES, Respondent. [913 NYS2d 299]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered February 17, 2010, which granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and, in effect, denied, as academic, her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion for summary judgment dismissing the complaint is denied, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On his cross motion to dismiss the complaint, the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, based upon the affirmed medical report of orthopedic surgeon Dr. Leon Sultan (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351-352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition to the cross motion, the plaintiff submitted several medical reports, some of which were unaffirmed and, thus, were not in admissible form (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Lozusko v Miller*, 72 AD3d 908 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]). The admissible evidence submitted by the plaintiff, however, raised a triable issue of fact. The affirmed medical report of the plaintiff's orthopedic surgeon Dr. Dov J. Berkowitz dated April 8, 2008, notes decreased motion "in all planes" upon examination of the right shoulder post-surgery. The affirmed medical report of Dr. Jean-Marie L. Francois dated October 26, 2009, is based on a contemporaneous examination of the plaintiff and his review of the magnetic resonance imaging (hereinafter MRI) reports of Dr. Sasan Azar

dated November 16, 2007, and December 28, 2007, which revealed, inter alia, bulging and herniated discs in the cervical and lumbar regions of the plaintiff's spine and a rotator cuff tear in the right shoulder, which occasioned the surgery by Dr. Berkowitz. Dr. Francois opined that the plaintiff's neck, back, and right arm injuries, pain, and limitation of motion were permanent and causally related to the subject accident. The plaintiff also properly submitted the MRI reports of Dr. Azar which, although unsworn, had been set forth and reviewed in the affirmed medical report of the defendant's examining surgeon Dr. Sultan (*see Lozusko v Miller*, 72 AD3d at 908; *Zarate v McDonald*, 31 AD3d 632 [2006]; *Perry v Pagano*, 267 AD2d 290 [1999]). The totality of the admissible evidence submitted by the plaintiff was sufficient to raise triable issues of fact as to whether she sustained a serious injury to her right shoulder or the cervical and/or lumbar regions of her spine under the permanent consequential and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352-353; *Harris v Boudart*, 70 AD3d 643, 644 [2010]; *Yoon Taek Im v Park*, 69 AD3d 926, 927 [2010]; *Sinfelt v Helm's Bros., Inc.*, 62 AD3d 983, 984 [2009]). Accordingly, the Supreme Court should have denied the defendant's cross motion for summary judgment dismissing the complaint.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Lampkin v Chan*, 68 AD3d 727 [2009]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that, after stopping at a stop sign, her vehicle was struck in the rear by the defendant's vehicle (*see Ramirez v Konstanzer*, 61 AD3d 837 [2009]). The defendant did not oppose the plaintiff's motion by offering a nonnegligent explanation for the collision and, thus, failed to raise a triable issue of fact (*see Eybers v Silverman*, 37 AD3d 403, 405 [2007]; *McCauley v Vandina*, 21 AD3d 938, 939 [2005]). Accordingly, the plaintiff is entitled to summary judgment on the issue of liability (*see Ditrapani v Marciante*, 10 AD3d 628 [2004]). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32207(U).]**