■ DERRICK RUSH, Appellant, v KWAN CHIU et al., Respondents. [914 NYS2d 234]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Starkey, J.), dated September 10, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

On appeal, the plaintiff limits his claims of serious injury to his right knee. Initially, the medical reports of Dr. Harvey S. Bishow, including those regarding examinations on August 5, 2004, September 8, 2004, October 13, 2004, and December 22, 2004, the operative report dated December 27, 2005, and Dr. Steven Shankman's magnetic resonance imaging report of the plaintiff's right knee were all unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Resek v Morreale*, 74 AD3d 1043 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). Further, the Saint Vincent's Hospital medical records relied upon by the plaintiff were uncertified (*see Lozusko v Miller*, 72 AD3d 908 [2010]; *Mejia v DeRose*, 35 AD3d 407 [2006]).

In addition, the medical report of Dr. David P. Abott, the plaintiff's treating chiropractor, and the affirmed medical report of Dr. Mehran Manouel, did not address the plaintiff's right

knee, the only injury at issue on appeal. Thus, they were insufficient to rebut the defendants' prima facie showing that the plaintiff did not sustain a serious injury to his right knee.

Moreover, the affirmed medical report of Dr. Manouel failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to his right knee under the permanent loss, the permanent consequential limitation of use, or the significant limitation of use categories of Insurance Law § 5102 (d), because the report failed to provide medical evidence that was contemporaneous with the subject accident which showed initial range-of-motion limitations in the plaintiff's right knee that were significant in nature (*see Posa v Guerrero*, 77 AD3d 898 [2010]; *Srebnick v Quinn*, 75 AD3d 637 [2010]; *Catalano v Kopmann*, 73 AD3d 963 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Sorto v Morales*, 55 AD3d 718 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.