■ WINSTON I. HUSBANDS, Appellant, v PATRICK LEVINE et al., Respondents. [913 NYS2d 773]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 23, 2009, which granted the separate motions of the defendants John R. Paul, Jr., and

Margaret Paul, and the defendant Patrick Levine, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants, who relied on the same submissions in support of their respective motions, met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

On appeal, the plaintiff limits his claims of serious injury to his right shoulder. Initially, the plaintiff''s hospital records, which were submitted by him in opposition to the defendants' motions, were not certified (*see Vasquez v John Doe #1*, 73 AD3d 1033 [2010]; *Mejia v DeRose*, 35 AD3d 407 [2006]). The magnetic resonance imaging reports concerning the plaintiff's right shoulder, performed on March 9, 2006, and October 20, 2008, were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Vasquez v John Doe #1*, 73 AD3d at 1033; *Lozusko v Miller*, 72 AD3d 908 [2010]).

The affirmed medical reports of Dr. Joseph P. D'Angelo and Dr. Aric Hausknecht failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to his right shoulder under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident, because the plaintiff failed to submit competent medical evidence that was contemporaneous with the subject accident which showed initial range-of-motion limitations in his right shoulder that were significant in nature (*see Posa v Guerrero*, 77 AD3d 898 [2010]; *Srebnick v Quinn*, 75 AD3d 637 [2010]; *Catalano v Kopmann*, 73 AD3d 963 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Sorto v Morales*, 55 AD3d 718 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

The plaintiff's submissions also failed to set forth competent medical evidence that the injuries he allegedly sustained as a result of the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days following the accident (*see Nieves v Michael*, 73 AD3d 716 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

·Accordingly, the Supreme Court should have been granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.