ABUBAKARR JALLOH, Respondent, v ABDOURAHAMANE BAH et al., Appellants, et al., Defendant. [915 NYS2d 636]—

In an action to recover damages for personal injuries, the defendants Abdourahamane Bah and Thierno N. Snow appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 23, 2010, as, upon reargument, denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured on May 2, 2006, when a motor vehicle in which he was a passenger was involved in a two-car collision at the intersection of Tillary Street and Flatbush Avenue Extension in Brooklyn. He commenced this action against, among others, Abdourahamane Bah and Thierno N. Snow (hereinafter together the defendants), the owner and driver, respectively, of the vehicle in which he was a passenger. After discovery was completed, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the motion, finding that the defendants established their prima facie entitlement to judgment as a matter of law and that the plaintiff failed to raise a triable issue of fact in opposition. In particular, the Supreme Court concluded that the plaintiff failed to present range-of-motion findings sufficiently contemporaneous with the collision with respect to any of his claimed injuries, and that this failure rendered speculative his claims that limitations in ranges of motion which were observed in later examinations were causally related to the collision. In fact, the plaintiff had presented affirmed medical reports containing contemporaneous findings. Consequently, upon reargument, the Supreme Court denied the defendants' motion. The defendants appeal and we affirm.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affirmed medical reports of various physicians who examined the plaintiff in 2009 and found no significant limitations in the ranges of motion with respect to any of his claimed injuries, and no other serious injury within the meaning of Insurance Law § 5102 (d) causally related to the collision (see Toure v Avis Rent

*A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact by submitting, among other things, affirmed reports describing medical examinations conducted both 3 and 11 weeks after the collision, as well as an affirmed report describing a medical examination conducted in 2009. Those reports demonstrated that there were triable issues of fact as to whether the collision caused injuries to the plaintiff's right shoulder that were serious injuries under the "permanent consequential limitation" or "significant limitation" of use categories of Insurance Law § 5102 (d) (*see Evans v Pitt*, 77 AD3d 611 [2010], *lv denied 16* NY3d 736 [2011]; *Sanevich v Lyubomir*, 66 AD3d 665 [2009]; *Noel v Choudhury*, 65 AD3d 1316 [2009]; *cf. Husbands v Levine*, 79 AD3d 1098 [2010]). Mastro, J.P., Angiolillo, Balkin, Lott and Austin, JJ., concur.