■ CAROL ANN FOLEY, Respondent, v RUSSELL G. LILOIA et al., Defendants, and ANATOLI TENTECHIKOV et al., Appellants. [918 NYS2d 384]—

The appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351-352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The only medical report submitted by the plaintiff that was in admissible form was from her orthopedic surgeon, Dr. Jerry A. Lubliner (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Bernier v Torres*, 79 AD3d 776, 777 [2010]). However, that medical report was based upon Dr. Lubliner's examination of the plaintiff on April 28, 2010, which was more than four years after the occurrence of the subject accident. Thus, the plaintiff failed to submit any

competent medical evidence that was contemporaneous with the subject accident showing initial range-of-motion limitations that were significant in nature (*see Husbands v Levine*, 79 AD3d 1098 [2010]; *Posa v Guerrero*, 77 AD3d 898, 899 [2010]; *Srebnick v Quinn*, 75 AD3d 637 [2010]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.