■ SHARON R. LIPPMAN, Respondent, v SEAN FLAHERTY, Appellant. [919 NYS2d 884]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 24, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Although the affirmed report of Dr. Joseph Perez, one of the plaintiff's treating physicians, contained recent objective evi-

dence of significant limitations in the range of motion of the thoracic and lumbar regions of the plaintiff's spine, as well as of the plaintiff's left knee, the plaintiff did not proffer any competent medical evidence that revealed the existence of any significant limitations in those areas that were contemporaneous with the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Rush v Kwan Chiu*, 79 AD3d 1004, 1005 [2010]; *Posa v Guerrero*, 77 AD3d 898, 899 [2010]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.