■ MICHELLE E. GREENE, Appellant, v THOMAS K. CULLEY et al., Respondents. [923 NYS2d 877]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 15, 2010, which granted the motion of the defendants Thomas K. Culley and Huntington Orange & White Transportation Corp. for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, in effect, granted the motion of the defendants Jose Leonidas Perdomo and Jose L. Hernandez for summary judgment dismissing the complaint insofar as asserted against them on the same ground.

Ordered that the order is affirmed, with one bill of costs.

The defendants met their prima facie burdens of showing that the plaintiff, who allegedly sustained certain injuries to her right knee as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)

as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted evidence establishing that the alleged injuries to the plaintiff's right knee did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). The defendants also established that the plaintiff did not sustain a medically determined injury or impairment that prevented her from performing substantially all of the material acts constituting her customary daily activities during at least 90 of the first 180 days following the subject accident (*see McIntosh v O'Brien*, 69 AD3d 585, 586 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to her right knee constituted a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rush v Kwan Chiu*, 79 AD3d 1004, 1005 [2010]; *cf. Caraballo v Kim*, 63 AD3d 976, 977 [2009]). She also failed to raise a triable issue of fact as to whether she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Pierre v Nanton*, 279 AD2d 621 [2001]; *Traugott v Konig*, 184 AD2d 765, 766 [1992]).

Accordingly, the Supreme Court properly granted the motion of the defendants Thomas K. Culley and Huntington Orange & White Transportation Corp. for summary judgment dismissing the complaint insofar as asserted against them and, in effect, granted the motion of the defendants Jose Leonidas Perdomo and Jose L. Hernandez for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31794(U).]**