◼ LUBA YUDKOVICH, Appellant, v LYUDMILA BOGUSLAVSKY et al., Respondents. [782 NYS2d 684]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Price, J.), dated July 14, 2003, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and (2) an or-

der of the same court dated December 11, 2003, which denied her motion for leave to renew and reargue the defendants' prior motions.

Ordered that the appeal from so much of the order dated December 11, 2003, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Maragos v Getty Petroleum Corp.*, 303 AD2d 652 [2003]); and it is further,

Ordered that the order dated July 14, 2003, is affirmed; and it is further,

Ordered that the order dated December 11, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants' medical experts examined the plaintiff two years after the subject accident, and determined that her injuries had resolved, that she had no disabilities or limitations, and that she could perform all her work duties and activities of normal daily living without restrictions. This evidence was sufficient to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]).

The affirmation of the plaintiff's treating physician submitted in opposition to the defendants' motions failed to raise a triable issue of fact as to whether the plaintiff's injuries were serious within the meaning of Insurance Law § 5102 (d). In addition, neither the plaintiff nor her treating physician offered any explanation as to the two-year gap between the conclusion of the plaintiff's treatment in March 2001 and the physician's examination of her in May 2003 in response to the defendants' motions (*see Jimenez v Kambli*, 272 AD2d 581 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]).

Furthermore, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew because it was not based upon new facts which were previously unavailable and which would change the court's prior determination (*see* CPLR 2221 [e] [2]; *Feldstein v Rounick*, 295 AD2d 400 [2002]). Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.