498

Tatyana Ferraro, Respondent, v Ridge Car Service et al., Appellants. [854 NYS2d 408]—

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff claims that her submissions raised a triable issue of fact as to whether she sustained a permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system, as set forth in Insurance Law § 5102 (d). To establish that she sustained an injury that falls within either of these categories of serious injury, the plaintiff was required to show the duration of the alleged injury and the extent or degree of the limitations associated therewith (*see Lee v Fischer*, 244 AD2d 389 [1997]; *Beckett v Conte*, 176 AD2d 774 [1991]). While the plaintiff submitted evidence of a recent examination in which significant limitations in cervical and lumbar ranges of motion were noted by her treating osteopath, she failed to proffer competent medical evidence of any range-of-motion limitations in her spine that were contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Morales v Daves*, 43 AD3d 1118 [2007]; *Rodriguez v Cesar*, 40 AD3d 731 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701 [2007]). Thus, in the absence of contemporaneous findings of range-of-motion limitations in her spine, the plaintiff was unable to establish the duration of the injury.

Moreover, neither the plaintiff nor her treating osteopath adequately explained the significant gap in treatment between May 2005, when, based on the plaintiff's assertions, she was last treated by a chiropractor and March 2007, when she was examined by her treating osteopath in direct response to the

defendants' motion for summary judgment (*see Siegel v Sumaliyev*, 46 AD3d 666 [2007]; *Yudkovich v Boguslavsky*, 11 AD3d 607 [2004]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.