■ BENNY KUCHERO, Appellant, v STEVEN TABACHNIKOV et al., Respondents. [864 NYS2d 459]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated December 22, 2006, which granted the motion of the defendants Steven Tabachnikov and Alexander Freyman, and the separate motion of the defendants Mario Duplessis and Riteway 1, Inc., for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed medical report of Dr. Sergey Lugina, one of the plaintiff's treating physicians, noted that the plaintiff was examined in his office on February 4, 2003, and found to have restricted range of motion in the cervical and lumbar regions of the spine. However, Dr. Lugina failed to adequately quantify those restrictions (*see Duke v Saurelis,* 41 AD3d 770 [2007]; *Desamour v New York City Tr. Auth.,* 8 AD3d 326 [2004]).

The affirmation of Dr. Viktor Gribenko, another of the plaintiff's treating physicians, failed to raise a triable issue of fact. While Dr. Gribenko noted significant limitations in the plaintiff's range of motion in the cervical region of the spine as of December 13, 2006, neither he nor the plaintiff proffered competent medical evidence showing any cervical range of motion limitations that were even roughly contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]; *Morales v Daves,* 43 AD3d 1118 [2007]; *Rodriguez v Cesar,* 40 AD3d 731 [2007]; *Borgella v D & L Taxi Corp.,* 38 AD3d 701 [2007]). Without admissible evidence of roughly contemporaneous range of motion limitations, the plaintiff could not have established the duration of the injuries required to raise a triable issue of fact as to whether he sustained a serious injury under the permanent consequential limitation or significant limitation of use categories of the no-fault statute (*see Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]).

The medical report of Dr. Robert Solomon, the plaintiff's treating radiologist, merely revealed that as of February 7, 2003, the plaintiff had a herniated disc at C5-6. The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]).

Contrary to the plaintiff's assertion, neither he nor his experts reasonably explained the lengthy gap in his treatment between the time he stopped treatment in April 2003 and his most recent examination by Dr. Gribenko in December 2006 (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Berktas v McMillian,* 40 AD3d 563 [2007]; *Waring*

*v Guirguis,* 39 AD3d 741 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]).

The plaintiff failed to set forth any competent medical evidence to establish that he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.