■ FRANCIS FUNG, Respondent, v MOHAMMED NASIR UDDIN et al., Appellants, et al., Defendants. [876 NYS2d 469]—

In an action to recover damages for personal injuries, the defendants Mohammed Nasir Uddin and Ainos Taxi, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 30, 2008, as granted the plaintiff's motion for leave to reargue his opposition to their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been determined in an order dated December 11, 2007, and upon reargument, denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated June 30, 2008, is modified, on the law, by deleting the provision thereof which, upon reargu-

ment, denied the motion of the defendants Mohammed Nasir Uddin and Ainos Taxi, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated December 11, 2007, granting their motion for summary judgment dismissing the complaint insofar as asserted against them; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

Contrary to the contention of the defendants Mohammed Nasir Uddin and Ainos Taxi, Inc. (hereinafter the appellants), the Supreme Court providently exercised its discretion in granting reargument (*see Luna v Mann*, 58 AD3d 699 [2009]; *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]; *Pimentel v Mesa*, 28 AD3d 629 [2006]). However, upon granting reargument, the Supreme Court erred in failing to adhere to its original determination granting the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition to the appellants' showing in this regard, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury to his cervical or lumbar spine under the categories of Insurance Law § 5102 (d) requiring a plaintiff to establish a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system." The plaintiff offered no competent medical evidence to demonstrate the existence of a significant range-of-motion limitation in his cervical or lumbar spine contemporaneous with the subject accident (*see Garcia v Lopez*, 59 AD3d 593 [2009]; *Luizzi-Schwenk v Singh*, 58 AD3d 811 [2009]; *Leeber v Ward*, 55 AD3d 563 [2008]). The plaintiff's medical records from St. Vincent's Hospital and Apple Chiropractic, P.C., were not competent proof of a contemporaneous injury because they were neither affirmed nor sworn (*see Pompey v Carney*, 59 AD3d 416 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Choi Ping Wong v Innocent*, 54 AD3d 384, 385 [2008]). Furthermore, the affirmation of the plaintiff's former treating physician, Jeffrey Schwartz, was without probative value because he was no longer licensed to practice medicine at the time the affirmation was written (*see* CPLR 2106; *Worthy v Good Samaritan Hosp. Med. Ctr.*, 50 AD3d

1023, 1024 [2008]; *McDermott v New York Hosp.-Cornell Med. Ctr.*, 42 AD3d 346 [2007]).

The plaintiff also failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the accident (*see Garcia v Lopez*, 59 AD3d 593 [2009]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Mastro, J.P., Fisher, Florio and Eng, JJ., concur.