■ MARJORIE TAYLOR, Respondent, v JOAN F. FLAHERTY et al., Appellants. [887 NYS2d 144]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated December 3, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmations and reports of Dr. David Adin and Dr. Charles Kaplan failed to raise a triable issue of fact. None of these submissions contained either quantified range-of-motion findings or a qualitative assessment of the plaintiff's cervical or lumbar regions (*see Shtesl v Kokoros*, 56 AD3d 544 [2008]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d at 350). The medical report dated June 2, 2007, was not affirmed by someone with personal knowledge of the facts. The only competent medical report submitted by the plaintiff that revealed significant limitations in the plaintiff's cervical and lumbar regions based on objective range of motion testing was the report of Dr. Christopher Kyriakides dated May 14, 2008.

The plaintiff's submissions were insufficient to raise a triable issue of fact as to whether she sustained a serious injury under the permanent consequential limitation and/or significant limitation of use categories of Insurance Law § 5102 (d) because she failed to proffer competent medical evidence that revealed the existence of significant limitations in either her cervical or lumbar regions that were contemporaneous with the subject ac-

cident (*see Fung v Uddin,* 60 AD3d 992 [2009]; *Gould v Ombrel-lino,* 57 AD3d 608 [2008]; *Kuchero v Tabachnikov,* 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]).

The plaintiff further failed to set forth any competent medical evidence to establish that she sustained a medically determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Kuchero v Tabachnikov,* 54 AD3d 729 [2008]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Skelos, J.P., Santucci, Covello, Chambers and Austin, JJ., concur.