MARYBETH MENAKER, Appellant, v WHITE EXPRESS CAB CORP. et al., Respondents. [892 NYS2d 171]—

The respective defendants, in support of their motions for summary judgment, relied on the same submissions. Those submissions were sufficient to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

While the plaintiff relied on the affirmation of her treating neurologist, in which he revealed that the plaintiff had signifi-

cant limitations in her cervical and lumbar spine two years post-accident, as well as more recently, neither he nor the plaintiff proffered competent medical evidence of significant limitations in either her cervical or lumbar regions that were contemporaneous with the subject accident (*see Taylor v Flaherty,* 65 AD3d 1328 [2009]; *Fung v Uddin,* 60 AD3d 992 [2009]; *Gould v Ombrellino,* 57 AD3d 608 [2008]; *Kuchero v Tabachnikov,* 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]).

Finally, the plaintiff failed to set forth any competent medical evidence to establish that she sustained a medically-determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.