■ Mary Bleszcz, Respondent, v Tracy Hiscock, Appellant. [894 NYS2d 481]—

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v*

*Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's hospital records were uncertified and therefore failed to raise a triable issue of fact (*see Singh v Mohamed*, 54 AD3d 933 [2008]; *Mejia v DeRose*, 35 AD3d 407 [2006]). The affirmations of Dr. Ernesto Capulong, one of the plaintiff's treating physicians, were also insufficient to raise a triable issue of fact. While Dr. Capulong noted significant limitations in the range of motion of the plaintiff's lumbar spine on a recent examination of her, neither he nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations in her lumbar spine that were contemporaneous with the subject accident (*see Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Thus, the plaintiff did not raise a triable issue of fact as to whether she sustained a serious injury under the permanent consequential limitation of use or the significant limitation of use category of Insurance Law § 5102 (d) (*see Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). The records of Dr. Joe Rufrano, of Southside Chiropractic, and those of SECO Physical Therapy, were not contemporaneous with the subject accident.

The affirmation of Dr. Jeffrey Drucker, with an annexed magnetic resonance imaging report, merely revealed the existence of herniated and bulging discs in the plaintiff's lumbar spine. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury, as well as its duration (*see Chanda v Varughese*, 67 AD3d 947 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The plaintiff's affidavit was insufficient to raise a triable issue of fact (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Young Soo Lee v Troia*, 41 AD3d 469 [2007]; *Nannarone v Ott*, 41 AD3d 441 [2007]).

Finally, the plaintiff failed to submit competent medical evidence that the injuries allegedly sustained by her in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). In this regard, the plaintiff

admitted in her deposition testimony that she missed only one day from work as a result of the subject accident. Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.