■ Boswell A. Johnson et al., Respondents, v Bertin Tranquille et al., Appellants. [892 NYS2d 896]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated February 6, 2009, as, upon granting that branch of their motion which was to vacate their default in opposing the plaintiffs' prior motion for leave to reargue, and thereupon granting the plaintiff's motion for leave to reargue, upon reargument, denied their motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in an order dated November 5, 2007, granting the defendants' motion for summary judgment dismissing the complaint and denying the plaintiffs' cross motion for summary judgment

on the issue of liability is adhered to, and an order dated March 28, 2008, is vacated.

Contrary to the determination of the Supreme Court, the defendants made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) through their submission of the affirmed reports of their expert orthopedist and neurologist, who examined the plaintiffs and concluded that their examinations were essentially normal (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 957 [1992]; *Shevardenidze v Vaiana*, 60 AD3d 660 [2009]; *Nelson v Distant*, 308 AD2d 338, 339 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact. Notably, the medical affirmations submitted on behalf of the plaintiffs failed to set forth the actual ranges of motion achieved by the plaintiffs contemporaneously with the accident, and to compare those findings to normal ranges of motion (*see Morris v Edmond*, 48 AD3d 432 [2008]). Likewise, the plaintiffs' submissions failed to raise a triable issue of fact regarding any other statutory category of serious injury.

In view of the foregoing, the defendants' motion for summary judgment dismissing the complaint should have been granted, and the plaintiffs' cross motion for summary judgment on the issue of liability should have been denied. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.