■ DWAYNE GEORGE, Respondent, v A. MARIO ELVIN SUAREZ et al., Appellants. [895 NYS2d 724]—

In an action to recover damages for personal injuries, the defendant A. Mario Elvin Suarez appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated June 18, 2009, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendants City of New York, New York City Fire Department, and Darren G. Jacobs separately appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed, on the law, with one bill of costs payable to the defendants appearing

separately and filing separate briefs, the motion of the defendant A. Mario Elvin Suarez for summary judgment dismissing the complaint insofar as asserted against him is granted, and that branch of the cross motion of the defendants City of New York, New York City Fire Department, and Darren G. Jacobs which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

The evidence submitted established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical reports of the examining neurologist and orthopedist concluded, based upon objective range-of-motion tests, that the plaintiff had full range of motion in the cervical and lumbar areas of his spine.

In opposition to the motion of the defendant A. Mario Elvin Suarez and the cross motion of the defendants City of New York, New York City Fire Department, and Darren G. Jacobs, the plaintiff failed to present any range-of-motion findings that were contemporaneous with the subject accident (*see Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). The plaintiff also failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (*Morris v Edmond*, 48 AD3d 432, 433 [2008]). Therefore, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]), and the defendants are entitled to summary judgment dismissing the complaint. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.