■ FRANCISCO SIERRA et al., Respondents, v GONZALEZ FIRST LIMO et al., Appellants. [895 NYS2d 863]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings

County (F. Rivera, J.), dated May 27, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants established, prima facie, that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). At his deposition, the plaintiff Francisco Sierra acknowledged that he missed approximately two or three days of work during the month following the subject motor vehicle accident and that there was no period of time when he could not work at all as a result of the accident (*see Morris v Edmond*, 48 AD3d 432 [2008]). The plaintiff Julia Sierra's deposition showed that she was not confined to her bed for any length of time as a result of the accident. Moreover, the affirmed medical reports of the defendants' neurologist and orthopedist concluded, based upon objective range-of-motion tests, that each of the plaintiffs had full range of motion in the cervical and lumbar regions of their spine, and in both shoulders.

In opposition to the motion, both of the plaintiffs failed to present any range of motion findings which were contemporaneous with the subject accident (*see Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Both plaintiffs also failed to proffer competent medical evidence that they sustained a medically-determined injury of a nonpermanent nature which prevented them, for 90 of the 180 days following the subject accident, from performing their usual and customary activities (*see Morris v Edmond*, 48 AD3d at 433). Therefore, the evidence submitted by the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]), and the Supreme Court should have granted the defendants' motion. Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.
**[Prior Case History: 23 Misc 3d 1137(A), 2009 NY Slip Op 51175(U).]**