■ Isyslav Lozusko et al., Appellants, v Harriet Miller et al., Respondents, et al., Defendants. [899 NYS2d 358]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated March 29, 2009, which, in effect, granted the motion of the defendants Harriet Miller and Israel Miller for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Isyslav Lozusko did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants Harriet Miller and Israel Miller (hereinafter together the Millers) established, prima facie, that the plaintiff Isyslav Lozusko (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition to the Millers' showing, the plaintiffs failed to raise a triable issue of fact. The medical reports of Dr. Y. George Krementsov, the initial report of Dr. Zina Turovsky, and the injured plaintiff's physical therapy reports were unaffirmed, and the injured plaintiff's hospital records were uncertified and, thus, failed to raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]).

Although the plaintiffs' reliance on unaffirmed reports of magnetic resonance imaging (hereinafter MRI) scans was not improper since the results of those MRI scans were set forth in the affirmed medical report of the Millers' examining orthopedic surgeon (*see Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]), those reports failed to raise a triable issue of fact, as they merely showed that, as of August 2003, the injured plaintiff had sustained, among other things, disc herniations in his cervical spine, and a disc herniation and disc bulges in his lumbar spine. The mere existence of those herniations and bulges, in the absence of objective evidence as to the extent of the alleged physical limitations resulting from the injuries and their duration, are not evidence of serious injury (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Tobias v Chu-*

*penko,* 41 AD3d 583 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]).

While the plaintiffs submitted competent medical evidence that recent medical examinations revealed significant range-of-motion limitations in the cervical and lumbar regions of the injured plaintiff's spine, they failed to proffer competent medical evidence of the existence of significant limitations in either spinal region that were contemporaneous with the subject accident (*see Sutton v Yener,* 65 AD3d 625, 626 [2009]; *Jules v Calderon,* 62 AD3d 958 [2009]; *Garcia v Lopez,* 59 AD3d 593 [2009]).

The plaintiffs also failed to offer competent medical evidence that the injured plaintiff sustained a medically determined injury of a nonpermanent nature that prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary daily activities (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

Finally, the injured plaintiff's affidavit failed to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Tobias v Chupenko,* 41 AD3d at 584; *Mejia v DeRose,* 35 AD3d 407 [2006]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.