■ ZVEZDAH MILOSEVIC, Respondent, v JACQUES K. MOULADI et al., Appellants. [898 NYS2d 870]—In an action to recover damages for personal injuries, the defendants Jacques K. Mouladi and Lapwing Cab Corp. appeal, and the defendants Johurl I. Anam and Lead Car Corp. separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated July 2, 2009, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the respective motions of the defendants Jacques K. Mouladi and Lapwing Cab Corp., and Johurl I. Anam and Lead Car Corp., for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are granted.

The Supreme Court properly determined that, in support of

their respective motions, the defendants met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. As to his right knee, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury under the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. Specifically, the plaintiff failed to set forth any objective medical findings that revealed the existence of significant limitations in that region of his body that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

Furthermore, the plaintiff failed to proffer any competent medical evidence that the injuries allegedly sustained by him in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Moreover, neither the plaintiff nor his doctors adequately explained the gap in the plaintiff's treatment from the time he admittedly discontinued treatment in December 2006, until January 26, 2009 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712 [2009]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.