706

■ YAKOV ISAKOV, Respondent, v ADINAMIA MOU, INC., et al., Appellants. [901 NYS2d 90]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 19, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff's submissions in opposition were insufficient to raise a triable issue of fact as to whether he sustained a serious injury under the permanent loss of use, permanent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102 (d) because he failed to proffer competent medical evidence that revealed the existence of such loss or limitation in the lumbar or cervical regions of his spine that was contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890, 891 [2010]; *Taylor v Flaherty*, 65 AD3d 1328, 1328-1329 [2009]; *Gould v Ombrellino*, 57 AD3d 608, 609 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729, 730 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498, 498 [2008]). Furthermore, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained as a result of the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days after the date of the accident (*see Haber v Ullah*, 69 AD3d 796, 797 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.