■ GILBERTO VILOMAR, Respondent, v FRANCISCO A. CASTILLO, Appellant. [901 NYS2d 651]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered October 9, 2009, as denied those branches of his motion which were for summary judgment dismissing the plaintiff's claims of serious injury under the permanent loss of use, the permanent consequential limitation of use, and the significant limitation of use categories of Insurance Law § 5102 (d) on the ground that the plaintiff did not sustain any such serious injuries within the meaning of that statute.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's claims of serious injury under the permanent loss of use, the permanent consequential limitation of use, and the significant limitation of use categories of Insurance Law § 5102 (d) on the ground that the plaintiff did not sustain any such serious injuries within the meaning of that statute are granted.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury under the permanent loss of use, permanent consequential limitation of use, and significant limitation of use categories of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002];

*Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Giraldo v Mandanici*, 24 AD3d 419 [2005]). The limitation noted by the defendant's examining orthopedic surgeon in his affirmed medical report concerning the plaintiff's right knee was insignificant (*see Licari v Elliott*, 57 NY2d 230, 236 [1982]).

In opposition, the plaintiff failed to raise a triable issue of fact. Initially, the reports of Dr. Kenneth B. Chapman failed to raise a triable issue of fact because they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Mora v Riddick*, 69 AD3d 591 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]).

The affirmation of Dr. Stanley Liebowitz was insufficient to raise a triable issue of fact, as Dr. Liebowitz relied on the unsworn records and reports of others in arriving at his determination (*see Giannini v Cruz*, 67 AD3d 638 [2009]; *Sorto v Morales*, 55 AD3d 718, 719 [2008]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Furrs v Griffith*, 43 AD3d 389, 390 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). The plaintiff failed to proffer any competent objective medical evidence that revealed the existence of significant limitations in the cervical and lumbar regions of the plaintiff's spine that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Without such contemporaneous findings, the plaintiff could not and did not raise a triable issue of fact under the permanent loss, permanent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102 (d) (*see Jack v Acapulco Car Service, Inc.*, 72 AD3d 646 [2010]; *Bleszcz v Hiscock*, 69 AD3d at 891; *Taylor v Flaherty*, 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.*, 49 AD3d at 498).

The affirmed medical reports of Dr. Steven Brownstein also failed to raise a triable issue of fact. The mere existence of a torn tendon, or even a herniated or bulging disc, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Magid v Lincoln Servs. Corp.*, 60 AD3d 1008 [2009]; *Washington v Mendoza*, 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d 583 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov*

*v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Diaz v Turner*, 306 AD2d 241 [2003]). The plaintiff's affidavit failed to meet this requirement (*see Luna v Mann*, 58 AD3d 699 [2009]; *Washington v Mendoza*, 57 AD3d at 973). Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.