■ DAVID DELAROSA, Appellant, v DANIEL McLEDO et al., Respondents. [904 NYS2d 715]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered August 26, 2009,

which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

While the plaintiff submitted medical evidence that revealed the existence of significant limitations in the cervical and lumbar regions of his spine based on a recent examination by Dr. Paul Beck, he failed to offer objective medical evidence of significant limitations in those regions of his spine that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). While the plaintiff relied on the affirmed medical reports of Dr. Richard Morgan, Dr. Morgan did not examine the plaintiff until more than one year after the subject accident. Without findings contemporaneous with the accident, the plaintiff was unable to raise a triable issue of fact as to whether he sustained a serious injury to the cervical or lumbar region of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Jack v Acapulco Car Serv., Inc.*, 72 AD3d 646 [2010]; *Bleszcz v Hiscock*, 69 AD3d at 891; *Taylor v Flaherty*, 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.*, 49 AD3d at 498). Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.