■ MARTIN J. RESEK, JR., et al., Appellants, v ANNE MORREALE et al., Respondents. [903 NYS2d 120]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated September 11, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Martin Resek, Jr., did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff Martin J. Resek, Jr. (hereinafter the injured plaintiff), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see*

*Toure v Avis Rent a Car Sys.*, 98 NY2d 345; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Initially, the magnetic resonance imaging report of the injured plaintiff's left shoulder, dated August 30, 2004, as authored by Dr. Frank Starvaggi, and the medical report of Dr. David T. Stamer dated September 14, 2004, were insufficient to raise a triable issue of fact because they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Lozusko v Miller*, 72 AD3d 908 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Singh v Mohamed*, 54 AD3d 933 [2008]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]).

In an affirmation, Dr. William O. Thompson stated that he examined the injured plaintiff for the first time on September 28, 2006, and again on May 19, 2009. Dr. Thompson failed to set forth any findings from his initial examination of the injured plaintiff. As to his most recent examination of the injured plaintiff, on May 19, 2009, Dr. Thompson noted that the injured plaintiff had "restricted" range of motion in the left shoulder. However, Dr. Thompson did not set forth any objective testing he did in order to arrive at that conclusion (*see Fiorillo v Arriaza*, 52 AD3d 465 [2008]; *Murray v Hartford*, 23 AD3d 629 [2005]; *Nozine v Sav-On Car Rentals*, 15 AD3d 555, 556 [2005]; *Bailey v Ichtchenko*, 11 AD3d 419, 420 [2004]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]). Dr. Thompson also failed to reconcile his findings of limitation in the plaintiff's left shoulder in May 2009, as set forth in his affirmation, with the report of the injured plaintiff's other treating physician, Dr. Gary Fink, who found no limitations in the injured plaintiff's left shoulder less than one month post-accident (*see Raleigh v Ram*, 60 AD3d 747 [2009]).

The plaintiffs failed to proffer any competent medical evidence demonstrating the existence of significant limitations in the injured plaintiff's left shoulder that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). While the plaintiffs relied upon the affirmed medical report of Dr. Paul Jones, an independent orthopedist who examined the injured plaintiff on January 28, 2005, more than five months post-accident, this was not contemporaneous with the accident. Without such contemporaneous findings, the plaintiffs were unable to raise a triable issue of fact as to whether the injured plaintiff sustained a serious

injury to his left shoulder under the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Jack v Acapulco Car Serv., Inc.*, 72 AD3d 646 [2010]; *Bleszcz v Hiscock*, 69 AD3d at 891; *Taylor v Flaherty*, 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.*, 49 AD3d at 498). Furthermore, while Dr. Jones set forth left shoulder range of motion findings from ·January 28, 2005, he failed to compare those findings to what is normal (*see Johnson v Tranquille*, 70 AD3d 645 [2010]; *Morris v Edmond*, 48 AD3d 432 [2008]).

The mere existence of a tear in tendons, as well as a tear in a ligament, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Little v Locoh*, 71 AD3d 837 [2010]; *Ciancio v Nolan*, 65 AD3d 1273, 1274 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018, 1019 [2008]; *Kilakos v Mascera*, 53 AD3d 527, 528-529 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]). Such evidence was clearly lacking here. Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.