■ JOHN BAENA et al., Respondents, v TEOFILO D. ALMONTE, Appellant. [905 NYS2d 236]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 5, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff John Baena did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of establishing his entitlement to judgment as a matter of law by showing that the plaintiff John Baena (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff sustained such a serious injury as a result of the subject accident.

In opposition to the defendant's summary judgment motion, the plaintiffs principally relied upon the affirmed medical report of Dr. Leon M. Bernstein, the injured plaintiff's examining orthopedic surgeon. That report failed to raise any triable issues of fact. In that report, which was based on an examination conducted approximately four years after the subject accident, Dr. Bernstein admitted that there were no "reported definite fractures." While Dr. Bernstein did set forth a range-of-motion finding concerning the injured plaintiff's right fifth finger, he failed to compare that finding to what was normal (*see Johnson v Tranquille*, 70 AD3d 645 [2010]; *Morris v Edmond*, 48 AD3d 432 [2008]). Moreover, neither the plaintiffs nor Dr. Bernstein

proffered any competent medical evidence that revealed the existence of a significant limitation in the injured plaintiff's right fifth finger that was contemporaneous with the subject accident (*see Catalano v Kopmann*, 73 AD3d 963 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

Additionally, the plaintiffs failed to proffer any objective medical evidence that the injuries allegedly sustained by the injured plaintiff in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.