■ KIMBERLY A. PIERSON, Appellant, v LISA B. EDWARDS, Respondent. [909 NYS2d 726]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Galasso, J.), entered August 5, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) as limited by her brief, from so much of an order of the same court, entered December 17, 2009, as, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order entered August 5, 2009, is dismissed, as that order was superseded by the order entered December 17, 2009, made upon renewal and reargument; and it is further,

Ordered that the order entered December 17, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court correctly determined that the defendant met her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. In this regard, the magnetic resonance imaging (hereinafter MRI) reports dated October 9, 2003, and September 16, 2003, were unaffirmed and, thus, were not in admissible form (*see Grasso v Angerami*, 79 NY2d 813

[1991]; *Resek v Morreale*, 74 AD3d 1043 [2010]; *Lozusko v Miller*, 72 AD3d 908 [2010]). Additionally, although the MRI reports of the cervical region of the plaintiff's spine, dated January 31, 2005, and of the lumbar region of her spine, dated May 16, 2005, the contents of which were set forth in the affirmed medical report of the defendant's examining neurologist (*see Lozusko v Miller*, 72 AD3d 908 [2010]; *Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]), indicated that the plaintiff had sustained, among other things, disc bulges in the cervical and lumbar regions of her spine, the mere existence of bulging discs, in the absence of objective evidence as to the extent of the alleged physical limitations resulting from the injuries and their duration, is not evidence of serious injury (*see Lozusko v Miller*, 72 AD3d 908 [2010]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Tobias v Chupenko*, 41 AD3d 583 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]).

The affirmation of the plaintiff's treating chiropractor did not constitute competent evidence to oppose the motion for summary judgment because it was not in affidavit form (*see* CPLR 2106; *see also Perdomo v Scott*, 50 AD3d 1115 [2008]; *Pichardo v Blum*, 267 AD2d 441 [1999]; *Doumanis v Conzo*, 265 AD2d 296 [1999]). Moreover, the affidavit of that chiropractor submitted upon renewal failed to quantify any limitations in the plaintiff's ranges of motion revealed by objective medical testing and, thus, was inadequate to defeat summary judgment (*see Robinson-Lewis v Grisafi*, 74 AD3d 774, 775 [2010]; *Ortiz v Ianina Taxi Servs., Inc.*, 73 AD3d 721, 722 [2010]).

Likewise, the affirmed medical report of the plaintiff's examining orthopedic surgeon failed to raise a triable issue of fact, since that physician did not examine the plaintiff for the first time until almost $4^1/_2$ years after the subject accident. While that report set forth range-of-motion findings from the recent examination, neither the orthopedic surgeon nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations which were contemporaneous with the subject accident (*see Resek v Morreale*, 74 AD3d 1043 [2010]; *Delarosa v McLedo*, 74 AD3d 1012 [2010]; *Vilomar v Castillo*, 73 AD3d 758 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Absent such contemporaneous findings, the plaintiff's submissions were inadequate to withstand summary judgment under the permanent loss, per-

manent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102 (d) (*see Resek v Morreale*, 74 AD3d 1043 [2010]; *Vilomar v Castillo*, 73 AD3d 758 [2010]; *Jack v Acapulco Car Serv., Inc.*, 72 AD3d 646 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

Finally, the plaintiff's submissions failed to set forth competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Nieves v Michael*, 73 AD3d 716 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.