DENIA SCHEKER et al., Respondents, v VIVIENE BROWN, Appellant. [936 NYS2d 283]—

On August 24, 2007, the plaintiff Denia Scheker was operating a motor vehicle in which the infant plaintiff Beverly Guerrero was a passenger. The plaintiffs allegedly were injured when their vehicle was involved in an accident with a vehicle owned and operated by the defendant. In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The defendant appeals. We modify.

The defendant met her prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition to the defendant's prima facie showing, as to Guerrero, the plaintiffs relied, inter alia, upon the medical

report of Dr. Lev Aminov, dated September 4, 2007, as well as his treatment notes, which were insufficient to raise a triable issue of fact because they were unaffirmed and, therefore, in inadmissible form (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Lively v Fernandez*, 85 AD3d 981 [2011]; *Pierson v Edwards*, 77 AD3d 642 [2010]; *Vasquez v John Doe #1*, 73 AD3d 1033 [2010]). The only other medical submission proffered by the plaintiffs in opposition to the defendant's motion as to Guerrero was the affirmed report of Dr. Robert Solomon, concerning a magnetic resonance imaging scan of Guerrero's cervical spine. This report, while in admissible form, merely revealed evidence of disc bulges from C3-4 through C6-7. The mere existence of a bulging disc, in the absence of objective evidence as to the extent of the alleged physical limitations resulting from the injuries and their duration, is not evidence of serious injury (*see Pierson v Edwards*, 77 AD3d at 643). Moreover, Dr. Solomon failed to proffer any conclusion as to the cause of the disc pathology noted in his report (*see Sorto v Morales*, 55 AD3d 718 [2008]; *Collins v Stone*, 8 AD3d 321, 322 [2004]). Thus, the plaintiffs failed to raise a triable issue of fact as to whether Guerrero sustained a serious injury as a result of the subject accident.

However, as to Scheker, the medical reports and treatment notes of Dr. Aminov were properly before the Supreme Court, as those submissions were affirmed to the extent they concerned Scheker. Moreover, Dr. Aminov's submissions, as applied to Scheker, raised a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of Scheker's spine constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 219 [2011]).

The defendant's remaining contentions have been rendered academic in light of our determination.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of Guerrero on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), but properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Scheker. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.