Saunders v Mian (2019 NY Slip Op 07432)





Saunders v Mian


2019 NY Slip Op 07432


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-08228
 (Index No. 506864/15)

[*1]Dominique Saunders, appellant, 
v
Mohammad S. Mian, et al., respondents.


Zlotolow & Associates, P.C., Sayville, NY (Jason S. Firestein and Daniel A. Steinbok of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Robert D. Grace of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Theresa Ciccotto, J.), dated July 11, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
On October 17, 2014, the plaintiff, a pedestrian, was struck by a motor vehicle driven by the defendant Mohammad S. Mian and owned by the defendant Chi Ming Kam. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of her spine constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). Contrary to the plaintiff's contention, the medical report of her treating chiropractor did not constitute competent evidence to oppose the motion for summary judgment, since it was not in the form of an affidavit (see Paul-Austin v McPherson, 91 AD3d 924, 925; Pierson v Edwards, 77 AD3d 642, 643). The plaintiff also submitted the affirmed reports of her treating physician, who [*2]was board certified in physical medicine and rehabilitation. The physician concluded that the cervical and lumbar regions of the plaintiff's spine sustained range-of-motion limitations as a result of the accident. However, his reports failed to identify the objective tests which were utilized to measure range of motion and, thus, do not support the limitation conclusion (see Fiorucci-Melosevich v Harris, 166 AD3d 581, 581-582; Schilling v Labrador, 136 AD3d 884, 884-885). In addition, while the plaintiff's treating pain management physician set forth, in an affirmed report, his range-of-motion findings with respect to the cervical and lumbar regions of the plaintiff's spine, he also failed to identify the objective tests used by him to measure the plaintiff's range of motion and failed to compare his findings to what is normal (see Skuret v Yoyo Cab Corp., 169 AD3d 849, 850; Quintana v Arena Transp., Inc., 89 AD3d 1002, 1003-1004; Baena v Almonte, 74 AD3d 1262). Moreover, although the affirmed magnetic resonance imaging reports of the plaintiff's examining radiologist revealed the existence of bulged discs at C5-6 and C6-7 and at L4-5 and L5-S1, the mere existence of bulging discs, in the absence of objective evidence as to the extent of the alleged physical limitations resulting from the injuries and their duration, is not evidence of a serious injury (see Scheker v Brown, 91 AD3d 751, 752; Pierson v Edwards, 77 AD3d at 643).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court